UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID G. NENZOSKI, | ) 5:10CV0488 |
| | ) |
| Petitioner | ) JUDGE SOLOMON OLIVER |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| FRANK SHEWALTER, | ) |
| Warden, | ) |
| | ) |
| Respondent | ) REPORT AND RECOMMENDED |
| | ) DECISION OF MAGISTRATE JUDGE |

McHARGH, MAG. J.

The petitioner David G. Nenzoski ("Nenzoski") has filed a petition pro se for a writ of habeas corpus, under 28 U.S.C. § 2254, regarding his 2007 felony convictions for several counts of sexual battery and unlawful sexual conduct with a minor, in the Portage County, Ohio, Court of Common Pleas. (Doc. 1.) Nenzoski raises two grounds for relief in his petition:

> 1. Denial of effective assistance of defense counsel at trial court's sentencing plea proceedings inter alia.
>
> 2. Conviction obtained by plea of guilty unlawfully induced and not made voluntarily of nature of plea.

(Doc. 1, § 12.)

The respondent has filed a Return of Writ (doc. 9), and Nenzoski has filed a Traverse (doc. 13).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

On January 11, 2007, Mr. Nenzoski, a forty-nine-year-old, was indicted with three counts of sexual battery and three counts of unlawful sexual conduct with a minor, both felonies of the third degree.  These charges stemmed from his engagement in sexual conduct with a thirteen-year-old student at a school where Mr. Nenzoski served as an assistant band director.

At the plea hearing held on March 16, 2007, the state reported to the trial court that, in exchange for Mr. Nenzoski's guilty plea to the six-count indictment, the state would not pursue any further prosecution against him for other unlawful conducts with the victim.  The parties also agreed that he would be labeled as a sexually oriented offender.

In addition, the state recommended that the sentences for the three sexual battery counts run consecutively with each other but concurrently with the three counts of unlawful sexual conduct with a minor, amounting to a maximum possible term of fifteen years.

Mr. Nenzoski's counsel informed the court that Mr. Nenzoski did not agree with the state's recommendation of sentence.  Both parties represented to the court that the issue of sentencing would be argued at the sentencing hearing.  The pertinent portion of the trial transcript reflects the following exchange:

"[Prosecutor]: After discussing this particular case with [defense counsel], at this time the State understands that the Defendant is going to plead guilty to all unlawful sexual conducts of the indictment, the three counts of sexual battery, as well, felonies of the third degree and that is agreed.

"And it would be the State's recommendation that the sexual battery charges be run consecutive to one another but concurrent with the unlawful sexual conduct charges.

"Therefore, for purposes of sentencing, looking at the maximum possible sentence likely is fifteen years.  And that the issue of sentencing we would agree to argue that particular issue at the appropriate time.

"[DEFENSE COUNSEL]: I am confused.

"[COURT]: So am I.

"[DEFENSE COUNSEL]: My understanding of the Criminal Rule 11 negotiations is that Mr. Nenzoski will plead to the six-count indictment charging three counts of sexual battery, felonies of the third degree and three counts of unlawful sexual conduct with a minor. That further the State is not going to object to a presentence investigation report.

"However, and further, that in return for that plea, the State agrees, which has not been stated for the record, that there will be no further prosecution or no additional prosecution against Mr. Nenzoski for any other conduct or activities that related to the victim in the case.

"With respect to the punishment, it's my understanding that because we cannot agree to recommend-that we were going to argue punishment at sentencing and I thought I heard [the prosecutor] indicate that, there was an agreement that the State was going to recommend that the sexual batteries run consecutive to each other, but concurrent with the unlawful sexual conduct. We are not agreeing with that, that's not a stipulation.

"[PROSECUTOR]: It's not a stipulation of sentencing, that's-

"[COURT]: That's your recommendation on the record.

"[PROSECUTOR]: I was putting on the record what our recommendation was going to be in terms of not that it was an agreement by any means and as we had agreed, we agreed that we would argue the sentence against the tally at the sentencing hearing following the [presentence investigation report]."

Before accepting his plea, the court ensured that Mr. Nenzoski understood the consequences of his guilty plea and, in particular, that he understood each of the three counts of sexual battery may carry up to five years in prison. The court then ordered a presentence investigation report ("PSI").

At the sentencing hearing on May 7, 2007, Mr. Nenzoski's counsel argued for "sentencing somewhere on the low end of the sentencing

spectrum, given the fact that this was a consensual relationship," citing also Mr. Nenzoski's lack of prior criminal record and that he had taken responsibility for his conduct.

The court then inquired about the terms of the plea negotiations to ensure that it understood the terms of the parties' agreement.

The court in addition heard statements from the young victim and her parents. The victim described how Mr. Nenzoski gained her trust since sixth grade so that he could exploit her for his own pleasure. She stated she suffered from depression, cut herself everyday for two months, attempted an overdose of medication, and was admitted to a mental hospital.

Her father stated that Mr. Nenzoski abused the trust he had as their daughter's teacher. He stated Mr. Nenzoski took something from his daughter that she will never get back and that she will be not be able to trust anyone again. He asked the court to punish him fully on every count.

The victim's mother stated that Mr. Nenzoski took advantage of the innocence of a very compassionate thirteen-year-old child, and asked the court to consider the irreparable damages that Mr. Nenzoski's acts had upon their family, the school, and the community. She stated that her family has "only just begun to peel back the layers inflicted upon" her daughter from the crimes he committed against her mind and body. She asked the court to sentence him to the maximum years allowed on all three counts and that they be served consecutively.

The state then argued that the court should impose a maximum sentence of fifteen years, based on the victim's young age and its review of the PSI, which indicates Mr. Nenzoski's failure to be truly accountable for his wrongdoing.

After allowing Mr. Nenzoski to speak on his own behalf, the court stated:

"Based on the agreement between the Prosecutor and the defense attorney, I'm going to sentence the Defendant in the following manner: I'm going to sentence the Defendant to the Ohio Department of Corrections on count one, which is sexual battery, for five years; count three, which is sexual battery, five years; count five, which is sexual battery, three years, to run consecutive with one [another], and on the

4

> remaining counts, which are the unlawful sexual conduct counts, I'm going to sentence the Defendant to four years on each count to run concurrent with the sexual battery charges. So that will be thirteen years."
>
> The court then stated to Mr. Nenzoski: "Sir, you not only violated this family; you violated your community; you violated the school. They trusted you, and they have a huge healing process in front of them."
>
> In its judgment entry dated May 9, 2007, the trial court stated that in sentencing Mr. Nenzoski it has considered "evidence presented by counsel, oral statements, any victim impact statement, the presentence report and Mr. Nenzoski's own statement."

(Doc. 9, RX 14, at 1-6; State v. Nenzoski, No. 2007-P-0044, 2008 WL 2586660, at *1-*3 (Ohio Ct. App. June 27, 2008).)

Nenzoski filed a timely direct appeal, and raised the following four assignments of error:

> 1. Mr. Nenzoski's sentence is void because the court based its sentence on an erroneous understanding of the 11(F) plea negotiations.
>
> 2. The trial court erred when it imposed a sentence of thirteen years, for Mr. Nenzoski, a first time offender, and failed to consider O.R.C. 2929.11 and 2929.12.
>
> 3. The trial court erred by sentencing Mr. Nenzoski to the maximum sentence violating his right to due process.
>
> 4. The trial court erred because the sentence imposed on Mr. Nenzoski is unconstitutional as derived from a violation of the separation of powers.

(Doc. 9, RX 12.) The state court of appeals affirmed the judgment of the trial court. (Doc. 9, RX 14; Nenzoski, 2008 WL 2586660.)

Nenzoski pro se appealed this decision to the Supreme Court of Ohio, setting forth the following five propositions of law:

5

> 1. Is appellant's sentence void based upon an erroneous understanding of the 11(f) plea negotiations?
>
> 2. Did the trial court err when it imposed a sentence of thirteen years on a first time offender when it failed to consider R.C. §2929.11 AND R.C. §2929.12.
>
> 3. Were the appellant's due process rights violated when he was sentenced to a maximum sentence?
>
> 4. Were the appellant's due process rights violated when the sentencing guidelines he was sentenced under are derived from a violation of the separation of powers doctrine?
>
> 5. Was the assistance of appellate counsel ineffective for failure to raise as an issue on appeal the lack of notice of mandatory post-release control?

(Doc. 9, RX 16.)  Subsequently, counsel for Nenzoski also filed an appeal to the state supreme court, setting forth three propositions of law:

> [6.]  The decision in State v. Foster does not change the standard of review for Ohio Felony sentencing appeals, pursuant R.C. 2953.08(G)(2) the required analysis is de novo, applying the clear and convincing evidence standard.
>
> [7.]  Under the Doctrine of stare decisis, an Ohio Court of Appeals does not have authority to overrule a decision of the same district reached by a differently composed panel.
>
> [8.]  The Sentencing scheme under which Mr. Nenzoski was sentenced violated his right to due process.

(Doc. 9, RX 18.)

The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  (Doc. 9, RX 20; State v. Nenzoski, 120 Ohio St.3d 1419, 897 N.E.2d 653 (2008).)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Nenzoski has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

### III. EXHAUSTION

The respondent argues that both of Nenzoski's claims have been procedurally defaulted[1], due to his failure to fairly present the claims to the Ohio state courts. (Doc. 9, at 8.)

---

[1] The respondent claims that the petition may not have been filed within the one-year statute of limitations, which would have expired March 3, 2010. (Doc. 9, at 8.) However, the petition is signed Feb. 22, 2010 (doc. 1, at 7), and Nenzoski states that it was placed in his prison mailbox that same day (doc. 13, at 1-2). Under Houston v. Lack, 487 U.S. 266, 270 (1988), the petition would be considered "filed" when it is turned over to prison authorities for mailing, thus timely.

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990)). Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. Adams v. Bradshaw, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing Buell, 274 F.3d at 349).

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged

9

violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 130 S.Ct. 503 (2009).

### A. Ineffective Assistance of Counsel

The first ground of the petition is ineffective assistance of counsel. Although Nenzoski's first assignment of error on direct appeal would not seem at first glance to encompass ineffective assistance of counsel ("Nenzoski's sentence is void because the court based its sentence on an erroneous understanding of the . . . plea negotiations"), he did present ineffective assistance as one of the issues for review under this assignment of error. (Doc. 9, RX 12, at [2].)

The court of appeals considered the issue. First, the appellate court found that "the [trial] court understood the State to have recommended the sexual battery counts to be sentenced consecutively to each other without Mr. Nenzoski's agreement." (Doc. 9, RX 14, at 10; Nenzoski, 2008 WL 2586660, at *5.) The court then ruled as follows:

> As to his claim that his counsel provided ineffective assistance, he must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.
>
> A threshold issue in a claim of ineffective assistance of counsel is whether there was actual error on the part of appellant's trial counsel. State v. McCaleb, 11th Dist. No.2002-L-157, 2004-Ohio-5940, at ¶ 92. In Ohio, every properly licensed attorney is presumed to be competent

10

> and therefore a defendant bears the burden of proof. State v. Smith (1985), 17 Ohio St.3d 98, 100, 477 N.E.2d 1128. To overcome this presumption, a defendant must demonstrate that "the actions of his attorney did not fall within a range of reasonable assistance." State v. Henderson, 11 th Dist. No.2001-T-0047, 2002-Ohio6715, at ¶ 14 (citation omitted).
>
> Mr. Nenzoski claims his counsel at the sentencing hearing was deficient because he failed to accurately advise the court that he did not agree to consecutive sentences of the sexual battery counts. Because we have determined that the court understood consecutive sentencing for the sexual battery counts not to be a part of the parties' agreement, we do not perceive an actual error or deficiency in counsel's performance. His plea counsel correctly advised the court that the parties did not agree in sentencing; his counsel at the sentencing hearing argued for a shorter sentence based on his lack of prior criminal record and his acceptance of responsibility, while the state argued for the maximum sentence based on the victim's age and his lack of full accountability for his actions. Finally, as we have already determined, his counsel's statement "that's also our understanding" at the sentencing hearing refers to the understanding that the state in this case recommended consecutive sentences for the sexual battery counts without Mr. Nenzoski's agreement. Consequently, we conclude his ineffective assistance of counsel claim is without merit.

(Doc. 9, RX 14, at 11-12; Nenzoski, 2008 WL 2586660, at *5-*6.)

However, Nenzoski did not purse the ineffective assistance claim beyond that point, and thus abandoned it. He did not raise a constitutional claim of ineffective assistance of counsel before the Supreme Court of Ohio, neither in his pro se brief, nor in the brief filed by counsel. (Doc. 9, RX 16, 18.) Thus, the claim was not exhausted, because the highest court in the state was not given a full and fair opportunity to rule on the federal constitutional claim. Rust, 17 F.3d at 160.

Nenzoski responds that he did raise the issue as part of his first proposition of law. (Doc. 13, at 3.) However, he simply directs this court's attention to a

11

passing reference in his pro se brief. The focus of his first proposition of law[2] is that his sentence should be voided, not an argument on ineffective assistance. (Doc. 9, RX 16, at 4-6.) The court does not find that the ineffective assistance claim was raised before the Supreme Court of Ohio as a discrete federal constitutional claim, thus it was not properly exhausted and cannot be considered by this court. Nenzoski does not demonstrate cause. See doc. 13, at 5.

Even if the claim had been properly exhausted, this court could not find that the state court's application of Strickland v. Washington to the facts of this case was objectively unreasonable. See Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

The petition should not be granted on the basis of the first ground.

### B. Validity of Plea

The second ground of the petition is "Conviction obtained by plea of guilty unlawfully induced and not made voluntarily of nature of plea."

---

[2] The Supreme Court of Ohio requires that: "If several propositions of law are contended for, the argument shall be divided by utilizing each proposition as a subheading." State ex rel. Charvat v. Frye, 114 Ohio St.3d 76, 77, 868 N.E.2d 270, 272 (2007); State v. Carter, 27 Ohio St.2d 135, 139 n.2, 272 N.E.2d 119, 121 n.2 (1971) (quoting Rules of Practice of the Supreme Court of Ohio). The purpose behind the requirement of "propositions of law" is "to present to the court in concise form the legal issues involved in the cause." Drake v. Bucher, 5 Ohio St.2d 37, 39, 213 N.E.2d 182, 184 (1966). A failure to raise an error properly may result in the court's refusal to consider it. Carter, 27 Ohio St.2d at 139, 272 N.E.2d at 121.

12

The respondent points out that Nenzoski never presented a claim of a faulty plea to any Ohio court. (Doc. 9, at 11.) Nenzoski argues that, because the parties did not agree on sentencing, the plea should be withdrawn. (Doc. 13, at 3-5.)

The fact remains that Nenzoski did not raise the validity of his plea as a constitutional claim in the state courts, and he cannot obtain habeas relief unless he has completely exhausted his state remedies. Coleman, 501 U.S. at 731; Buell, 274 F.3d at 349.

The second ground was not raised in the state courts at all. The Supreme Court of Ohio will not consider a constitutional question which was not raised and argued in the lower courts. Leroy v. Marshall, 757 F.2d 94, 99 (6th Cir.), cert. denied, 474 U.S. 831 (1985); Adams, 484 F.Supp.2d at 769; City of Wooster v. Graines, 52 Ohio St.3d 180, 185, 556 N.E.2d 1163, 1168 (1990) (citing cases); State v. Phillips, 27 Ohio St.2d 294, 302, 272 N.E.2d 347, 352 (1971). Nenzoski can no longer raise his claims in state court, as they would be barred on the basis of res judicata. Leroy, 757 F.2d at 99. Nenzoski does not demonstrate cause. See doc. 13, at 5.

Even if the claim had been properly exhausted, this court could not find that Nenzoski's guilty plea failed to satisfy due process. See DeSmyther v. Bouchard, No. 03-1419, 2004 WL 1921182 (6th Cir. Aug. 25, 2004) (per curiam) (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be

13

upheld on federal review." DeSmyther, 2004 WL 1921182 (quoting Frank, 646 F.2d at 882). The record of Nenzoski's plea hearing would support a finding that Nenzoski understood the charges against him, understood the consequences of his guilty plea, and voluntarily chose to plead guilty, without being coerced to do so. (Doc. 9, RX 24, at 5-10 (transcript of plea hrg.); see also doc. 9, RX 8 (written plea).)

The petition should not be granted on the basis of the second ground.

## IV. SUMMARY

The petition for a writ of habeas corpus should be denied.

The first ground (ineffective assistance of counsel) was not raised before the Supreme Court of Ohio, thus, the claim was not fairly and fully presented to the state courts. The second ground concerning his plea was not raised in the state courts at all.

## RECOMMENDATION

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:  Feb. 23, 2012                    /s/ Kenneth S. McHargh
                                         Kenneth S. McHargh
                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time WAIVES the right to appeal the District Court's

order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).